480

an allegation here and there, which, pieced together with other statements taken from another part of the complaint, will state a cause of action." (*Isaacs* v. *Washougal Clothing Co.*, 233 App. Div. 568, 572.) Concur — Breitel, J. P., Rabin, McNally, Stevens and Eager, JJ.

In the Matter of the Final Accounting of BONNIE BOURNE et al., as Executors of SAUL H. BOURNE, Deceased. MARY M. BOURNE, Also Known as BONNIE BOURNE, Appellant-Respondent; MARY E. RENNER, Also Known as MARY E. KEEDICK, Also Known as BEEBE BOURNE, et al., Respondents-Appellants; LAWLER & ROCKWOOD, Appellants.— Decree insofar as appealed from unanimously modified on the law and the facts and in the exercise of discretion so as to reduce the allowances for attorneys' fees to the following amounts: to O'Brien, Driscoll & Raftery, $50,000; to Joseph Trachtman, $45,000; to Paul, Weiss, Rifkind, Wharton & Garrison, $20,000, and as thus modified, the decree affirmed, with costs, payable out of the estate, to all parties filing briefs. Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ALBERT URBAN, Appellant.— Judgment of Court of Special Sessions, convicting defendant of violation of section 1141 of the Penal Law, unanimously reversed upon the law and upon the facts, and information dismissed. This conviction by the Court of Special Sessions was rendered prior to the decision of the Court of Appeals in *People* v. *Richmond County News* (9 N Y 2d 578) discussing the standards for determining obscenity in violation of the statute. Here, in light of the opinions in said case, the photographs of male nudes set out in the exhibit on which the conviction is based do not violate the statute so as to establish the appellant's guilt beyond a reasonable doubt. Thus, the record does not support a conviction. (*People* v. *Richmond County News, supra*; *People* v. *Rotto*, 13 A D 2d 634.) Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.

NEW YORK PLUMBERS SPECIALTIES COMPANY, INC., Respondent, v. COLUMBIA CASUALTY COMPANY, Appellant, et al., Defendant.—

We held that the terms of the bonds made "the satisfaction of the respective obligees a condition precedent to the accrual of the plaintiff's rights and the failure to plead fulfillment of such condition is fatal to the complaint". The amended complaint does not unequivocally and specifically allege that the obligees' rights under the bond have been satisfied; nor do the facts alleged, assuming they are capable of being proved, necessarily constitute such satisfaction. Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.

NEW YORK PLUMBERS SPECIALTIES CO. INC. v. COLUMBIA CASUALTY COMPANY et al.— Motion for resettlement dismissed as academic. Concur — Botein, P. J., Rabin, McNally, Eager and Steuer, JJ.

HATTIE LEARY et al., Appellants, v. CITY OF NEW YORK et al., Respondents.—

On the record plaintiffs have made a